Ethan Thomas, Utah Bar # 15751
LITTLER MENDELSON, P.C.
8474 Rozita Lee Avenue, Suite 200
Las Vegas, NV 89113-4770
T. 702.862.7709
F. 702.920.8150
edthomas@littler.com

Brian Tuttle, Utah Bar # 16974
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107
T: 801.401.8318
F: 702.977.6843
btuttle@littler.com

Attorneys for Defendant
WALMART INC.

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| DANIEL THOMAS ROMERO,<br><br>Plaintiff,<br><br>v.<br><br>WALMART STORES, INC.,<br><br>Defendants. | Case No:<br><br>**DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1332, 1441, AND 1446**<br><br>**(DIVERSITY)** |

**TO:     CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

Please take notice that Defendant WALMART INC. ("Walmart" or "Defendant"),[1]

removes this action from the Third Judicial District Court, Tooele County, Utah (the "Utah

---

[1] Plaintiff named "Walmart Stores, Inc." in his Complaint. Plaintiff's employer and the only correct entity to be named as a defendant in this matter is Walmart Inc.

Court"), to this Court. The Court has original jurisdiction over the claims asserted by Plaintiff DANIEL THOMAS ROMERO ("Plaintiff") under 28 U.S.C. §§ 1332 (diversity) and potentially 1331 (federal question). In support of this Notice of Removal, Defendants respectfully submit the following statement:

1.      On November 21, 2025, Plaintiff filed a complaint in the Utah Court which was assigned Case Number 250302643 (the "Complaint"). A true and correct copy of the Complaint and all other process, pleadings, and orders served upon Walmart are attached as **Exhibit 1**, as required by 28 U.S.C. § 1446(a) and DUCivR 81-1(a)(1)(C).[2]

2.      On January 14, 2026, Plaintiff served the Complaint, summons, and other documents on Walmart's registered agent, CT Corporation, by process server. A true and correct copy of the service of process transmittal summary is attached as **Exhibit 2**. Because Walmart files this Notice of Removal within 30 days of the date of service of the summons and Complaint, this Notice of Removal is timely. *See* 28 U.S.C. 1446(b).

3.      Plaintiff asserts five causes of action in the Complaint: (1) Disability discrimination under the Utah Antidiscrimination Act "UAA," Utah Code § 34A-5-101 et seq., (2) failure to provide reasonable accommodation under the UAA, (3) retaliation for requesting accommodation, (4) wrongful termination/constructive discharge in violation of public policy, and (5) intentional infliction of emotional distress ("IIED"). *See* Complaint at ¶¶ 26-50.

4.      Walmart may remove this action to this Court under 28 U.S.C. §§ 1332 and 1441(b)

/ / /

/ / /

/ / /

---

[2] For ease of reference, Plaintiff's Complaint is located at page 5 of Exhibit 1.

because it is a civil action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.[3]

5.      Plaintiff resides in Salt Lake City, Salt Lake County, Utah. *See* Complaint at ¶ 1. For purposes of diversity jurisdiction, such residence is prima facie evidence that Plaintiff is domiciled in and thus a citizen of Utah. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th 1994). Thus, Plaintiff is a citizen of Utah for purposes of diversity jurisdiction.

6.      A corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is where its "nerve center" is located, or the place where the corporation's board and high-level officers direct, control, and coordinate its activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93, 96 (2010). Walmart Inc. is incorporated in Delaware and maintains its principal place of business in Arkansas. Thus, Walmart is a citizen of Delaware and Arkansas for purposes of diversity jurisdiction and is entirely diverse from Plaintiff, a citizen of Utah.

7.      As to the amount in controversy, it is apparent from the face of the Complaint that Plaintiff seeks damages well in excess of $75,000, the jurisdictional minimum. In the Complaint, Plaintiff states that he is seeking $20,000,000 in damages. *See* Complaint at ¶ 52. Even without Plaintiff's claim for damages, his alleged lost wages, on information and belief, satisfy the jurisdictional minimum as well. Plaintiff's employment only spanned three two-week pay periods in 2021. For the second, middle pay period ending November 21, 2021, Plaintiff worked 90.24

---

[3] This Court also very likely has federal question jurisdiction under 28 U.S.C. § 1331. In his voluminous initial filings in the Utah Court, Plaintiff attached certain medical correspondence in which he requested an "ADA Title I accommodation clarification" from a physician. *See* Exhibit 1 at pp. 58 and 90. Further, Plaintiff cites both state and federal law as the public policy allegedly underpinning his claim for termination in violation of public policy. *See* Complaint at ¶ 44.

hours and earned $3300.34 (or $36.57 per hour).[4] This equates to about $85,809.00 per year ($3300.34 x 26 pay periods). Plaintiff alleges that Walmart terminated his employment on December 3, 2021, approximately four years prior to the filing of his Complaint. *See* Complaint ¶ 15. Thus, Plaintiff's alleged lost wages are approximately **$343,236.00** ($85,809.00 x 4). The amount in controversy is further enhanced by Plaintiff's alleged lost wages through trial and in the future, plus his claim for emotional distress damages, punitive damages, and costs of suit. *See* Complaint at Prayer for Relief. Accordingly, there is no question that the alleged damages in this suit satisfy the $75,000 jurisdictional minimum.

8.      Venue is proper in this Court as it is the district court for the district and division embracing the place where the action is pending. *See* 28 U.S.C. §§ 125(2) and 1441(a).

9.      Walmart will contemporaneously provide written notice of this removal to all adverse parties in accordance with 28 U.S.C. § 1446(d). A true and correct copy of that notice is attached as **Exhibit 3**.

9.      Defendant will also contemporaneously provide notice of removal of the action with the Utah Court in accordance with 28 U.S.C. § 1446(d). A copy of that notice is attached as **Exhibit 4**.

10.      All pleadings, process or orders received by or filed by Defendant in this case are attached hereto. Walmart has received no other process, pleadings, or orders other than those attached hereto. In accordance with DUCivR 81-2(a)(2), a current copy of the Utah Court docket sheet is attached as **Exhibit 5**. The Utah Court has not issued a scheduling order in this case.

---

[4] Plaintiff's wages were based on multiple factors, including a base wage of $9.99/per hour with significant boosts based on mileage and other factors. Plaintiff's first pay period including training and his third and final included a bonus payout. The second pay period of 11/21/21 is the most representative in terms of Plaintiff's regular expected wages.

WHEREFORE, Defendant prays that the above-referenced action now pending against it in the Utah Court be removed to this Court.

Dated: February 4, 2026

LITTLER MENDELSON, P.C.

_____
Ethan D. Thomas
Brian Tuttle

Attorneys for Defendant
WALMART INC.

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 8474 Rozita Lee Avenue, Suite 200, Las Vegas, Nevada 89113-4770. On February 4, 2026, I served the within document(s):

### DEFENDANT'S NOTICE OF REMOVAL

☒   By **E-Filing** – The above-referenced document was electronically filed and served upon the parties listed below through the Court's Electronic Case Filing system:

☒   By **Email** - by e-mailing a copy of the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☒   by **U.S. Mail** - placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail addressed as set forth below.

Daniel Thomas Romero
912 N. Dorothea Way
Salt Lake City, UT 84116
joziahromeo@gmail.com

Pro Se

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 4, 2026 at Las Vegas, Nevada.

/s/ Maribel Rodriguez
Maribel Rodriguez

4934-4605-9403.2 / 080000.4458