IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DANIEL THOMAS ROMERO,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC.,<br><br>Defendant. | **MEMORADUM DECISION AND ORDER**<br><br>Case No. 2:26-cv-00091-RJS-DAO<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is pro se Plaintiff Daniel Thomas Romero's Objections[1] to Magistrate Judge Daphne A. Oberg's Report and Recommendation[2] to grant Defendant Walmart Inc.'s Motion to Dismiss.[3] Also before the court is Romero's Motion for Leave to File Second Amended Complaint.[4] For the reasons discussed below, Romero's Objections are OVERRULED, the Report and Recommendation is ADOPTED, and the Motion to Amend Complaint is DENIED.

## BACKGROUND and PROCEDURAL HISTORY[5]

This case arises out of allegations of employment discrimination. Romero is a Utah resident who holds a commercial driver's license.[6] Walmart employed Romero as a commercial

[1] Dkt. 16, *Plaintiff's Specific Objections to Report and Recommendation (Doc. No. 14)* (*Objection*).

[2] Dkt. 14, *Report & Recommendation to Grant Motion to Dismiss (Doc. No. 8) and Dismiss Action Without Prejudice* (*Report*).

[3] Dkt. 8, *Defendant's Motion to Dismiss Plaintiff's First Amended Complaint* (*Motion to Dismiss*).

[4] Dkt. 15, *Plaintiff's Motion for Leave to File Second Amended Complaint and Memorandum in Support* (*Motion to Amend*).

[5] The following facts are drawn from the operative complaint. *See* Dkt. 6, *First Amended Complaint* (*Complaint*). Because the Report concerns a motion to dismiss, the court "accept[s] as true all well-pleaded facts" and "view[s] those facts in the light most favorable to the nonmoving party." *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998)).

[6] *Complaint* ¶ 13.

truck driver starting November 4, 2021.[7] Romero successfully completed orientation and training and performed his assigned driving duties.[8] Romero was able to perform the essential functions of his position, and he maintained a clean safety and disciplinary record.[9]

At the time of his employment, Romero suffered from PTSD, anxiety, and stress-regulation impairments.[10] Romero's diagnosed disability "substantially limits major life activities, including stress regulation, emotional regulation, concentration, sleep, and physiological response to triggering environments."[11] Romero uses a trained psychiatric service dog to assist with specific tasks to mitigate Romero's symptoms.[12]

In late November 2021, Romero submitted a medical accommodation request to his supervisor for permission for his service dog to accompany him in the truck cab.[13] In response, Romero's supervisor stated "those with PTSD don't last long here," and he denied the requested accommodation.[14] In the days following the accommodation request, Walmart subjected Romero to "escalated scrutiny" of his job performance, and reclassified minor or mechanical issues as safety infractions.[15] The safety violations negatively affected Romero's employment record.[16]

On or about December 3, 2021, Walmart representatives, including safety management

---

[7] *Id.* ¶¶ 15–16, 20, 56.

[8] *Id.* ¶¶ 21–23.

[9] *Id.*

[10] *Id.* ¶ 25–27.

[11] *Id.* ¶ 26.

[12] *Id.* ¶¶ 28–29.

[13] *Id.* ¶¶ 35–36.

[14] *Id.* ¶¶ 39–41, 45.

[15] *Id.* ¶¶ 47–50.

[16] *Id.* ¶ 49. It is unclear from the Complaint whether "record" refers to Romero's driving record or Walmart's internal employment record, but the court assumes the latter. *See id.* ¶¶ 22, 49.

and supervisory personnel, informed Romero that he had reached his allowable number of "safety points" and any further infraction would result in immediate termination without eligibility for rehire.[17] Facing the prospect of termination without the possibility of being rehired, Romero concluded "he had no real choice but to leave[,]" and he resigned the same day.[18]

Following his resignation, Romero experienced a severe exacerbation of his PTSD symptoms and required increased medical treatments for his condition, including brief periods of hospitalization and electroconvulsive (ECT) therapy.[19] During 2021 and 2022, Romero's intensive psychiatric treatment "substantially impaired his ability to understand, process, and pursue legal claims."[20] He also experienced financial challenges following his termination.[21] Romero applied for other driving positions and "ultimately restart[ed] his own trucking business in July 2022."[22]

In 2025, Romero requested copies of his employment record with Walmart, including his disciplinary record, but Walmart ignored the requests and failed to provide any records.[23] Romero "diligently [] pursu[ed] his rights once his condition stabilized and he became capable of managing legal affairs."[24] The Complaint alleges "[e]quitable tolling of administrative and statutory deadlines is warranted under these circumstances."[25]

---

[17] *Id.* ¶¶ 52–53.

[18] *Id.* ¶¶ 54–56.

[19] *Id.* ¶¶ 59–61.

[20] *Id.* ¶ 69.

[21] *Id.* ¶ 61.

[22] *Id.* ¶ 62.

[23] *Id.* ¶¶ 64–65.

[24] *Id.* ¶ 70.

[25] *Id.* ¶ 71. The Complaint does not include any allegations that explain any applicable "administrative and statutory deadlines." *See generally Complaint*.

## PROCEDURAL HISTORY

On November 20, 2025, Romero filed a complaint against Walmart in Utah District Court.[26] On February 4, 2026, Walmart removed the Complaint to this court.[27] Romero filed a First Amended Complaint the following day.[28] The Complaint asserts three claims under the Americans with Disabilities Act (ADA): (1) disability discrimination; (2) failure to accommodate; and (3) retaliation.[29] It also asserts an independent claim for constructive discharge.[30] On February 19, 2026, Walmart filed the Motion to Dismiss.[31]

On July 27, 2026, Judge Oberg issued the Report.[32] Judge Oberg found Romero failed to exhaust his administrative remedies by not filing a charge with the EEOC within 300 days of his termination, as required by the ADA.[33] The Report also concluded the Complaint does not allege facts sufficient to toll the time limits for filing a charge with the EEOC under the doctrine of equitable tolling.[34] The Report found the Complaint "does not allege Walmart (or anyone else) lulled [Romero] into inaction or that he was otherwise actively misled," as required for equitable tolling to apply in the Title VII context.[35]

---

[26] Dkt. 1-2, *Complaint for Disability Discrimination, Failure to Accommodate, Retaliation, and Constructive Discharge and Related Claims*.

[27] Dkt. 1, *Defendant's Notice of Removal Under 28 U.S.C. §§ 1331, 1332, 1441, and 1446*.

[28] *Complaint.*

[29] *Id.* ¶¶ 72–87.

[30] *Id.* ¶¶ 88–90.

[31] *Motion to Dismiss*.

[32] *Report*.

[33] *Id.* at 7–10; *see also* 42 U.S.C. § 12117(a) (incorporating Title VII of the Civil Rights Act's filing requirement 42 U.S.C. § 2000e-5(e)(1)); *id.* § 2000e-5(e)(1) (providing a charge must be filed within 300 days after the alleged unlawful employment practice occurred if the plaintiff initially instituted State proceedings); *Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 988 (10th Cir. 2021) (holding the ADA "requires that a putative plaintiff file a charge of discrimination with the EEOC within 300 days of the allegedly unlawful employment practice" (citation modified)).

[34] *Report* at 10–14.

[35] *Id.* at 11–12; *see also Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984) (stating "equitable tolling may be appropriate where a plaintiff has been 'lulled into inaction by her past employer, state or federal agencies, or the

The Report also considered—and rejected—Romero's argument that equitable tolling is appropriate on account of his "psychiatric incapacity."[36] The Report cites the Tenth Circuit's standard that "deadlines can only be equitably tolled based on mental incapacity in 'exceptional circumstances' such as 'an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity[,]'"[37] and concludes the standard is not met here because the Complaint does not allege Romero was previously adjudged incompetent or institutionalized because of mental capacity.[38] Nor does the Complaint adequately plead facts showing mental incompetence.[39] The Report also finds the Complaint "concedes [Romero] regained his mental capacity" by 2023 at the latest, so even a tolled deadline "passed long ago."[40]

Lastly, the Report notes Romero concedes a constructive discharge claim is not an independent cause of action under the ADA.[41] Rather, it is "an element of an employment discrimination or retaliation claim, not an independent claim in and of itself."[42] Accordingly, the Report recommends dismissing the Complaint in its entirety.[43] The Report notifies the parties of their right to object to the Report within fourteen days, and warns them that "failure to object

---

courts' . . . [or] if a plaintiff is 'actively misled,' or 'has in some extraordinary way been prevented from asserting his or her rights") (first quoting *Carlile v. S. Routt Sch. Dist. RE 3-J*, 652 F.2d 981, 986 (10th Cir. 1981), and then quoting *Wilkerson v. Siegried Ins. Agency, Inc.*, 683 F.2d 344, 348 (10th Cir. 1982)).

[36] *Report* at 12–14.

[37] *Id.* at 12–13 (quoting *Alvarado v. Smith*, 713 Fed. App'x 739, 742 (10th Cir. 2017) (unpublished)).

[38] *Id.* at 13.

[39] *Id.* (stating Romero does not "present anything beyond mere allegations of mental incompetence accompanied by conclusory statements of an impaired ability to pursue legal claims").

[40] *Id.* at 13–14.

[41] *Id.* at 14–15.

[42] *Id.* (quoting *Velasquez v. Amazon.com Servs.*, No. 2:25-cv-00674, 2025 U.S. Dist. LEXIS 224814, at *9 (D. Utah Nov. 14, 2025)).

[43] *Id.* at 15–16.

may be considered a waiver of objections."[44]

On July 29, 2026, Romero filed his timely Objection to the Report[45] and the Motion to Amend.[46] The Objection and Motion to Amend are fully briefed and ripe for review.[47]

## LEGAL STANDARDS

The standard of review for a magistrate judge's report and recommendation depends on the sufficiency of the objection. If an objection is timely[48] and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute," the court reviews the Report de novo.[49] Under the Tenth Circuit's "firm waiver rule," if an objection is not timely and specific, the objector has waived "review of both factual and legal questions."[50] A court may decline to apply the firm waiver rule "when the interests of justice so dictate"—for example, if "the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations."[51] "[T]his court generally reviews unobjected-to portions of a report and recommendation for clear error."[52]

---

44 *Id.*

45 *Objection*.

46 *Motion for Leave*.

47 Dkt. 17, *Defendant Walmart Inc.'s Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint* (*Opposition*); Dkt. 18, *Plaintiff's Reply in Support of Motion for Leave to File Second Amended Complaint (Doc. No. 15)* (*Reply*).

48 An objection must be filed within 14 days to be timely. *See* Fed. R. Civ. P. 72(b)(2).

49 *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[O]bjections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

50 *One Parcel of Real Prop.*, 73 F.3d at 1059 (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

51 *See Moore*, 950 F.2d at 659 (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

52 *Zloza v. Indus. Co.*, No. 4:23-cv-17-RJS-PK, 2023 WL 2760784, at *1 (D. Utah Apr. 3, 2023) (first citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); then citing Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move the court to dismiss an action for "failing to state a claim upon which relief can be granted."[53] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[54] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[55] A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do."[56] When determining whether a complaint meets these criteria, the court "assume[s] the factual allegations are true and ask[s] whether it is plausible that the plaintiff is entitled to relief."[57] The Tenth Circuit has observed there "is a low bar for surviving a motion to dismiss, and a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."[58] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[59]

Federal Rule of Civil Procedure 15(a)(2) allows a plaintiff to amend its complaint with the court's leave and instructs the court to "freely give leave when justice so requires."[60] The Rule's purpose is to "provide litigants the maximum opportunity for each claim to be decided on

---

[53] Fed. R. Civ. P. 12(b)(6).

[54] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[55] *Id.* (citing *Twombly*, 550 U.S. at 556).

[56] *Twombly*, 550 U.S. at 555.

[57] *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (citation omitted).

[58] *Clinton v. Sec. Ben. Life Ins. Co.*, 63 F.4th 1264, 1276 (10th Cir. 2023) (citation modified).

[59] *Strauss v. Angie's List, Inc.*, 951 F.3d 1263, 1267 (10th Cir. 2020) (citation modified).

[60] Fed. R. Civ. P. 15(a)(2).

its merits rather than on procedural niceties."[61] Granting leave to amend "is within the discretion of the trial court."[62] A court should grant leave to amend unless the nonmovant shows "undue delay, bad faith or dilatory motive on the part of the movant . . . [or] futility of amendment."[63]

"A proposed amendment is futile if the complaint, as amended would be subject to dismissal."[64] Under Federal Rule of Civil Procedure 12, a complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted"[65] To "state a claim to relief that is plausible on its face," the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[66] The complaint must be more than "a formulaic recitation of the elements of a cause of action,"[67] but "specific facts are unnecessary."[68] The "claimant needs only to provide fair notice of the claim and its grounds."[69] The court accepts all well-pleaded facts as true and "view[s] them in the light most favorable to the plaintiff."[70]

Because Romero is a pro se litigant, he is held to less stringent standards than parties formally represented by lawyers, and his pleadings "are to be construed liberally."[71] Nevertheless, a litigant's pro se status "does not excuse the obligation . . . to comply with the

---

[61] *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (citation modified).

[62] *Id.* (citation modified).

[63] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[64] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[65] Fed. R. Civ. P. 12(b)(6).

[66] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified).

[67] *Id.*

[68] *Beus Gilbert PLLC v. Donald L. Robertson Tr.*, 859 Fed. App'x 234, 237 (10th Cir. 2021).

[69] *Id.* (citation modified).

[70] *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023).

[71] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

fundamental requirements of the Federal Rules of Civil . . . Procedure."[72]

## DISCUSSION

The court first considers the Report and Objection. After concluding that the Report's analysis is sound and adopting its recommendation to grant the Motion to Dismiss, the court then addresses Romero's Motion to Amend.

## I. Objection

Romero asserts two objections to the Report: (1) the Complaint did not expressly concede that Plaintiff regained capacity to pursue this claim by 2023,[73] and (2) the court should consider and grant the Motion for Leave before addressing the Report and dismissing the Complaint.[74] The court considers each objection in turn.

### *A. Objection I*

Although not explicitly stated, Romero appears to contest the Report's conclusion that even an equitably-tolled deadline passed before Romero took action.[75] Romero objects that he did not concede "he regained his mental capacity (2023 at latest)."'[76] Romero argues the Complaint does not make an express concession, rather it alleges "substantial impairment 'during 2021-2022,'" and does not allege the impairment ended on December 31, 2022.[77]

In pleading a claim, "[t]he burden is on the plaintiff to frame a 'complaint with enough

---

[72] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." (citation modified)).

[73] *Objection* at 2–3.

[74] *Id.* at 3–6.

[75] *See Objection* at 2–3; *Report* at 13–14.

[76] *Objection* at 2–3 (quoting *Report* at 14).

[77] *Objection* at 2.

factual matter (taken as true) to suggest' that he or she is entitled to relief."[78] Even though the court "accepts as true all well-pleaded facts" and "views those facts in the light most favorable to the nonmoving party,"[79] a court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[80] Here, the Complaint alleges only that Romero's psychiatric treatment "substantially impaired his ability to understand, process, and pursue legal claims during 2021-2022."[81] The Complaint does not allege any facts to infer he received psychiatric treatments which inhibited his ability to pursue his claims in 2023, 2024, or 2025. Absent such allegations, the court cannot reasonably infer Romero was incapable of pursuing his claims in the subsequent years, nor may the court supply additional factual allegations not contained in the Complaint. Because the Complaint alleges Romero was unable to pursue his legal claims only in 2021 and 2022, the court overrules the objection.

*B. Objection II*

Romero's second objection is that the court should decide the Motion to Amend before entering final judgment on the Report and Motion to Dismiss.[82] Romero contends that the Proposed Second Amended Complaint (SAC)[83] corrects the Complaint's deficiencies as identified in the Report.[84] To be sufficiently specific, an objection must direct the court's

---

[78] *Robbins v. Okla. Ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

[79] *Beedle*, 422 F.3d at 1063 (citation modified).

[80] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[81] *Complaint* ¶ 69.

[82] *Objection* at 3–6.

[83] *See* Dkt. 15-1, *Exhibit A-Proposed Second Amended Complaint* (*SAC*).

[84] *Objection* at 4–6.

attention to "factual and legal issues" in the magistrate judge's report.[85] Romero's second objection is not directed toward any issues raised in the Report, but rather toward the Motion to Amend (which was filed *after* the Report was issued). Because the objection does not address the contents of the Report, the court concludes it is insufficiently specific. The court therefore overrules the objection.

Having overruled Romero's two objections, the court finds no clear error in the remainder of the Report.[86] The court therefore adopts the Report in its entirety and grants the Motion to Dismiss.

## II. Motion to Amend

The court now turns to the Motion to Amend the Complaint. Romero contends leave to amend is appropriate here because the proposed SAC cures the deficiencies identified in the Report.[87] Walmart challenges the proposed SAC as futile.[88] For the reasons explained below, the court agrees with Walmart.

In the Motion Amend, Romero concedes he did not file a charge of discrimination with the EEOC by the 300-day deadline in September 2022.[89] However, Romero contends the proposed SAC adequately alleges facts allowing equitable tolling of the ADA's filing period requirements.[90] "Equitable tolling is the doctrine under which plaintiffs may sue after the

---

[85] *One Parcel*, 73 F.3d at 1060.

[86] *See Johnson v. Progressive Leasing*, No. 2:22-cv-00052-RJS-CMR, 2023 WL 4044514, at *3 (D. Utah June 16, 2023) ("The court generally reviews unobjected-to portions of a report and recommendation for clear error."); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

[87] *Motion for Leave* at 3–4.

[88] *Opposition* at 5–7.

[89] *Motion to Amend* at 4; *id.* ¶ 4 ("The EEOC issued a Notice of Right to Sue on February 6, 2026 for Charge No. 540-2026-02424.").

[90] *Id.* at 5.

statutory time period has expired if they have been prevented from doing so due to inequitable circumstances."[91] The Tenth Circuit has "narrowly construed equitable exceptions to the time limitations set out in Title VII."[92] Equitable tolling is proper "only if the circumstances of the case 'rise to the level of active deception,'"[93] such as when "a plaintiff has been 'lulled into inaction by her past employer, state or federal agencies, or the courts,' . . . [or when] a plaintiff is 'actively misled,' or 'has in some extraordinary way been prevented from asserting his or her rights.'"[94] While the Tenth Circuit has not addressed whether equitable tolling due to mental incapacity is available in the Title VII context, it has held that "[e]quitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity."[95] "Allegations of mental incompetence alone, however, are generally insufficient to warrant equitable tolling."[96] The Tenth Circuit has not elaborated on what constitutes "evidence that the individual is not capable of pursuing his own claim because of mental incapacity."[97] However, other circuits have provided guidance on this issue. The Eight Circuit has held that "a plaintiff seeking equitable tolling on the ground of mental incapacity must come forward with evidence that a mental condition prevented him or her from understanding and managing his affairs

---

[91] *Heil v. Wells Fargo Bank, N.A.*, 298 Fed. App'x 703, 706 (10th Cir. 2008) (quotation marks and citation omitted).

[92] *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1267 (10th Cir. 1996).

[93] *Id.* (quoting *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 938–39 (10th Cir. 1979)).

[94] *Id.* (quoting *Martinez v. Orr*, 738 F.2d 1107, 110 (10th Cir. 1984)).

[95] *Alvarado*, 713 Fed. App'x at 742 (quoting *Reupert v. Workman*, 45 Fed. App'x 852, 854 (10th Cir. 2002)).

[96] *Wiegand v. Zavares,* 320 Fed. App'x 837, 839 (10th Cir. 2009).

[97] *Alvarado*, 713 Fed. App'x at 742.

*generally* and from complying with the deadline that he seeks to toll."[98]

Because Romero does not allege he was either institutionalized for mental incapacity or adjudged incompetent, the court only considers whether the proposed SAC adequately alleges evidence that Romero was not capable of pursuing his own claim because of mental capacity between his alleged termination in December 2021 and the filing of the Complaint four years later. Romero contends the proposed SAC "pleads more than diagnoses or generalized distress" and adequately pleads facts supporting equitable tolling because "[i]t identifies the tasks Plaintiff could not reliably perform, links those limitations to this claim and the EEOC process, addresses contrary functional activity without claiming uniform incapacity, alleges a severe and recurrent treatment history, identifies the point of partial stabilization, and pleads concrete diligence after that point."[99] Walmart counters that the proposed SAC "alleges only, in [an] entirely generic fashion, that [Romero] suffered from generalized PTSD symptoms" in 2021 to 2022 and next to no facts regarding his symptoms from 2022 onwards.[100] The court agrees with Walmart that the proposed SAC does not adequately plead facts supporting equitable tolling, should it be applicable to Title VII claims.

The Proposed SAC pleads, "Immediately following the separation and during the original filing period, Plaintiff experienced a severe PTSD exacerbation, panic, depression, dissociation,

---

[98] *Lyons v. Potter*, 521 F.3d 981, 983 (8th Cir. 2008) (emphasis added) (quoting *Jessie v. Potter*, 516 F.3d 709, 715 (8th Cir. 2008)); *see also Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (holding "mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them" (emphasis in original)); *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998) (requiring the plaintiff show "that she was incapable of handling her own affairs and functioning in society"); *Barrett v. Principi*, 363 F.3d 1316, 1321 (Fed. Cir. 2004) (holding a plaintiff "must show that the failure to file was the direct result of a mental illness that rendered him incapable of rational thought or deliberate decision making, or incapable of handling his own affairs or unable to function in society" (citation modified)).

[99] *Motion to Amend* at 5.

[100] *Opposition* at 6–7.

emotional shutdown, intrusive symptoms, impaired concentration, sleep disruption, suicidal thinking, and overwhelming responses to conflict and trauma reminders."[101] It further pleads that as a result of these symptoms, Romero could not reliably perform the following tasks:

> (a) recognize and retain the legal significance of the accommodation denial and forced resignation; (b) understand the relationship among the ADA, UALD, and EEOC; (c) calculate or track a 300-day filing period; (d) organize dates and records into a coherent narrative; (e) complete and follow through on forms; (f) tolerate the conflict and triggering recollection required to report the Walmart events; or (g) sustain attention and executive functioning long enough to pursue the process.[102]

The proposed SAC specifies "Plaintiff continued to experience severe and recurrent psychiatric symptoms and treatment needs during 2023, 2024, and 2025."[103]

These conclusory allegations of mental incompetence are insufficient to warrant equitable tolling.[104] The Proposed SAC does not plead any facts indicating Romero's "mental condition prevented him from understanding and managing his affairs generally."[105] Rather, the Proposed SAC merely lists Romero's symptoms and conditions and then states that they prevented him from taking the specific steps to file his EEOC claim.[106] It does not discuss any other areas impacted by Romero's mental illnesses, such as employability, ability to manage finances, ability to conduct basic tasks or negative impacts on other general activities. The closest the Proposed SAC comes to addressing these areas is stating "Plaintiff's functioning was uneven rather than uniformly absent. During some intervals he could drive, attempt familiar income-

---

[101] *SAC* ¶ 35.

[102] *Id.* ¶ 36.

[103] *Id.* ¶ 40.

[104] *See Zavares*, 320 Fed. App'x at 839.

[105] *Lyons*, 521 F.3d at 983.

[106] *Proposed SAC* ¶¶ 36, 40.

producing work, seek help, or react to an urgent crisis."[107] However, the Proposed SAC contains no discussion if or when Romero was unable to perform those actions, how long such periods of incapacity lasted, and to what degree was he prevented by his mental illness from performing general tasks.

Equitable tolling is reserved for "exceptional circumstances."[108] Allowing a complaint to proceed on equitable tolling grounds when it merely lists mental health conditions and states they prevented the plaintiff from timely pursuing his claims while alleging no other impacts would fundamentally undercut this principle of exceptionality. For this reason, the court concludes the Proposed SAC is futile and denies Romero's Motion for Leave.

**CONCLUSION**

For the reasons discussed above, Romero's Objections to the Report are OVERRULED.[109] Finding no clear error in the remainder of the Report, the court ADOPTS it in its entirety.[110] The Motion to Dismiss[111] is GRANTED. The Motion to Amend is DENIED as futile.[112] The court directs the Clerk of Court to close the case.

SO ORDERED this 29th day of September, 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[107] *Id.* ¶ 38.

[108] *See Biester*, 77 F.3d at 1267.

[109] Dkt. 16.

[110] Dkt. 14.

[111] Dkt. 6.

[112] Dkt. 15.